**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| ALARM.COM INCORPORATED and ICN ACQUISITION, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>PROTECT AMERICA, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  CASE NO.:  1:18-cv-00521-LY<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

**SUPPLEMENTAL COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Pursuant to Section 1338 of Title 28 of the United States Code and Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs Alarm.com Incorporated ("Alarm.com") and ICN Acquisition, LLC ("ICN") (collectively, "Plaintiffs") allege for their Supplemental Complaint against Defendant Protect America, Inc. ("Protect America" or "Defendant"), on personal knowledge as to Alarm.com and ICN's own actions and on information and belief as to the actions of others, as follows:

1.     This Supplemental Complaint arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction over this action under 35 U.S.C. § 271 *et seq.*, 28 U.S.C. §§ 1331 and 1338(a).

**THE PARTIES**

2.     Plaintiff Alarm.com is a Delaware corporation having its principal place of business at 8281 Greensboro Drive, Suite 100, Tysons, Virginia, 22102.

3.      Plaintiff ICN is a Delaware limited liability company having a registered agent at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

4.      Defendant Protect America is a Texas corporation having its principal place of business at 3800 Quick Hill Road, Building 1-100, Austin, Texas, 78728.

## JURISDICTION AND VENUE

5.      The Court may exercise personal jurisdiction over Defendant because Defendant has continuous and systematic contacts with the State of Texas and does business in this District. For example, Protect America conducts business in this district by importing, marketing, offering for sale, and selling its infringing products in this District.  These infringing products include, but are not limited to, products that practice the subject matter of the Patents-in-Suit, including, without limitation, the Simon XT Control Panel, Simon XTi Touchscreen, SMART Connect iPhone/Android app, myprotectamerica.com website, security cameras, and Z-Wave Protocol-enabled devices (collectively, "the Accused Products").  Various combinations of the aforementioned products are packaged and sold under Protect America's "Copper," "Silver," "Platinum," and other customizable packages.

6.      Additionally, as shown in Figure 1 below, Protect America offers home security services that practice the subject matter of the Patents-in-Suit:



**Fig. 1.**

7.      Because Defendant has availed itself of the privileges of conducting business activities in this District, it is subject to personal jurisdiction in this District.

8.      Protect America is incorporated in the State of Texas and has a regular and established place of business in this District, has committed acts of patent infringement in this District, and continues to commit acts of infringement in this District.

9.      For at least the foregoing reasons, venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).

<u>**FACTUAL BACKGROUND**</u>

10.     Plaintiffs bring this action to seek injunctive relief and damages arising out of Defendant's infringement of U.S. Patent Nos. 7,113,090; 8,612,591; 8,860,804; and 9,141,276 (collectively, "the Patents-in-Suit").

## ALARM.COM

11.     Alarm.com is a leading technology provider for connected home services, from interactive security and remote video monitoring to energy management and home automation. Alarm.com's customers and partners use Alarm.com's products and technology in their home security, monitoring, management, and automation systems.  Alarm.com connects a broad array of smart devices into an integrated ecosystem, allowing easy access and control through the intuitive Alarm.com Smart Home Security App.  Alarm.com has integrated a broad range of devices into its cloud-based platform, including smartphones, the Apple Watch, the Apple TV, and the Amazon Echo.



**Fig. 2.**



**Fig. 3.**



**Fig. 4.**

12.     Alarm.com's cloud-based technology platform and advanced wireless, mobile, and web-based solutions are sold, set up, and supported exclusively through a nationwide network of licensed and authorized Security and Smart Home service providers.

13.     Founded in 2000, Alarm.com revolutionized security by developing and launching the first wireless interactive security solution in 2003.  This innovative solution provided a new method of remotely monitoring and managing security systems in the home.  Alarm.com remains a pioneer in the security and home automation field to this day.  Its first-to-market innovations include the use of dedicated wireless signaling that is fully integrated into the security control panel and eliminates the line-cutting vulnerability of landline-based security systems, cellular-based fully integrated two-way voice emergency response capability, alerting via text messages and email of non-alarm activity, the ability to raise an alarm condition even when an intruder destroys the physical alarm panel that generates the alarm signal and home security apps for major smartphone platforms that allow remote control of security systems from anywhere.

14.     Alarm.com's operations are global, currently spanning North America, South America, and Australia.  Through its award-winning and reliable technology and cloud services and expansive professional services network, Alarm.com provides a wide range of home and business solutions to millions of properties.  These solutions are used across tens of millions of devices and billions of data points.

15.     Alarm.com provides its services to security dealers within this District, including, for example, to 3D Security Inc. ("3D").  This company is based in Henderson, Texas.  Alarm.com believes that individuals from 3D and/or their customers within this District may have key information relevant to this action.

16.     Plaintiff ICN is a wholly-owned subsidiary of Alarm.com and owner of several of the Patents-in-Suit.

## PROTECT AMERICA

17.     Protect America was founded by Thad Paschall in 1992 in Austin, Texas.  Protect America was acquired by Rockbridge Growth Equity LLC in 2010.  Protect America is currently headquartered in Austin, Texas and offers products and services in all 50 states within the United States, including within the Western District of Texas.

18.     Protect America touts itself as a leader in technology-enabled, self-installed home security and automation.  Protect America also offers GPS and surveillance products.  Protect America advertises that it has protected over 500,000 homes since its founding.

19.     Protect America's alarm system equipment includes the Simon XT Control Panel, Simon XTi Touchscreen, security cameras, SMART Connect iPhone/Android app, myprotectamerica.com website, and Z-Wave Protocol-enabled devices.



**Fig. 5.**



**Fig. 6.**

20.     Protect America currently purchases and implements software and services from SecureNet Technologies LLC.

## THE PATENTS-IN-SUIT

21.     The Patents-in-Suit embody key innovations within the interactive security field.

22.     On September 26, 2006, the United States Patent and Trademark Office (the "USPTO") issued United States Patent No. 7,113,090 ("the '090 patent"), entitled "System and Method for Connecting Security Systems to a Wireless Device."  Alarm.com is the owner and assignee of all right, title and interest in and to the '090 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  A true and correct copy of the '090 patent is attached hereto as Exhibit 1.

23.     On December 17, 2013, the USPTO issued United States Patent No. 8,612,591 ("the '591 patent"), entitled "Security System with Networked Touchscreen."  Alarm.com's wholly owned subsidiary ICN is the owner and assignee of all right, title and interest in and to the '591 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  A true and correct copy of the '591 patent is attached hereto as Exhibit 2.

24.     On October 14, 2014, the USPTO issued United States Patent No. 8,860,804 ("the '804 patent"), entitled "Automated Upload of Content Based on Captured Event."  Alarm.com is the owner and assignee of all right, title and interest in and to the '804 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  A true and correct copy of the '804 patent is attached hereto as Exhibit 3.

25.     On September 22, 2015, the USPTO issued United States Patent No. 9,141,276 ("the '276 patent"), entitled "Integrated Interface for Mobile Device."  Alarm.com's wholly owned subsidiary ICN is the owner and assignee of all right, title and interest in and to the '276 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  On March 12, 2019, the USPTO issued a Certificate of Correction clarifying certain claim terms in the '276 patent.  A true and correct copy of the '276 patent, including the Certificate of Correction, is attached hereto as Exhibit 4.

26.     Protect America infringes one or more claims of the Patents-in-Suit, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a)-(c), as alleged below.

**PROTECT AMERICA'S KNOWLEDGE OF THE PATENTS-IN-SUIT**

27.     For the reasons discussed herein, Protect America either had actual knowledge of the '090, '591, and '276 patents and/or their respective applications prior to this action or

willfully blinded itself to the existence of those patents.  In any event, Protect America had actual knowledge of the Patents-in-Suit no later than the service of the Original Complaint in *Alarm.com Incorporated et al. v. Securenet Technologies LLC et al.*, Case 3:17-cv-00319 (E.D. of Vir.).  That case involved the same patents-in-suit, but was dismissed without prejudice.

28.     Protect America first obtained knowledge of some of the Patents-in-Suit, including at least the '090 patent, prior to this action through its interactions as a customer of Alarm.com.

### FIRST CAUSE OF ACTION: INFRINGEMENT OF THE '090 PATENT

29.     Alarm.com and ICN reallege and incorporate by reference the allegations of all the preceding paragraphs of the Supplemental Complaint as though fully set forth herein.

30.     Alarm.com is the assignee and sole owner of all right, title, and interest in the '090 patent.

31.     Regarding infringement under 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least claim 1 of the '090 patent in this District and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States. Further, end users of the Accused Products within the United States infringe at least claim 1 of the '090 patent in this District and elsewhere through their use of such Accused Products in accordance with the Defendant's design.

32.     Regarding infringement under 35 U.S.C. § 271(b), Defendant has caused, urged, encouraged and/or aided and continue to cause, urge, encourage, and/or aid third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '090 patent.  These actions include, but are not limited to: advertising the Accused Products and their infringing use; establishing distribution

channels for these Accused Products in the United States; drafting, distributing or making available datasheets, instructions, or manuals for the Accused Products to Defendant's customers and prospective customers; and/or providing technical support or other services for the Accused Products to Defendant's customers and prospective customers.  Defendant has taken these actions with full knowledge of the '090 patent, and acted with the specific intent to induce one or more of these third parties to infringe the '090 patent.  These third-parties in fact have directly infringed the '090 patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

33.    Regarding infringement under U.S.C. § 271(c), Defendant has contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators).  These third parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related components and use the Accused Products and related components to practice the claimed inventions of the '090 patent.  Thus, the Accused Products and their related components constitute material parts of the '090 patent.  Moreover, the third parties' actions constitute direct infringement of the '090 patent.

34.    Defendant knows, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted for use in infringing the '090 patent.  Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '090 patent.  For

example, and without limitation, the Accused Products are used only in conjunction with or as part of the claimed apparatuses and methods.

35.    Unless enjoined by this Court, Defendant will continue to infringe the '090 patent, and Alarm.com and ICN will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Alarm.com and ICN are entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

36.    Defendant's infringement of the '090 patent has been, and continues to be knowing, intentional, and willful.

37.    Alarm.com and ICN have and will continue to suffer damages as a result of Defendant's infringement of the '090 patent, and are entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

## SECOND CAUSE OF ACTION: INFRINGEMENT OF THE '591 PATENT

38.    Alarm.com and ICN reallege and incorporate by reference the allegations of all the preceding paragraphs of the Supplemental Complaint as though fully set forth herein.

39.    Alarm.com's wholly owned subsidiary ICN is the assignee and sole owner of all right, title, and interest in the '591 patent.  Alarm.com is the implied exclusive licensee of the '591 patent.

40.    Regarding infringement under 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least claim 1 of the '591 patent in this District and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States. Further, end users of the Accused Products within the United States infringe at least claim 1 of the '591 patent in this District and elsewhere through their use of such Accused Products in accordance with the Defendant's design.

41.     Regarding infringement under 35 U.S.C. § 271(b), Defendant has caused, urged, encouraged and/or aided and continue to cause, urge, encourage, and/or aid third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '591 patent.  These actions include, but are not limited to: advertising the Accused Products and their infringing use; establishing distribution channels for these Accused Products in the United States; drafting, distributing or making available datasheets, instructions, or manuals for the Accused Products to Defendant's customers and prospective customers; and/or providing technical support or other services for the Accused Products to Defendant's customers and prospective customers.  Defendant has taken these actions with full knowledge of the '591 patent, and acted with the specific intent to induce one or more of these third parties to infringe the '591 patent.  These third-parties in fact have directly infringed the '591 patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

42.     Regarding infringement under U.S.C. § 271(c), Defendant has contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators).  These third parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related components and use the Accused Products and related components to practice the claimed inventions of the '591 patent.  Thus, the Accused Products and their related components constitute material parts of the '591 patent.  Moreover, the third parties' actions constitute direct infringement of the '591 patent.

43.     Defendant knows, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted for use in infringing the '591 patent.  Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '591 patent.  For example, and without limitation, the Accused Products are used only in conjunction with or as part of the claimed apparatuses and methods.

44.     Unless enjoined by this Court, Defendant will continue to infringe the '591 patent, and Alarm.com and ICN will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Alarm.com and ICN are entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

45.     Defendant's infringement of the '591 patent has been, and continues to be knowing, intentional, and willful.

46.     Alarm.com and ICN have and will continue to suffer damages as a result of Defendant's infringement of the '591 patent, and are entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

**THIRD CAUSE OF ACTION: INFRINGEMENT OF THE '804 PATENT**

47.     Alarm.com and ICN reallege and incorporate by reference the allegations of all the preceding paragraphs of the Supplemental Complaint as though fully set forth herein.

48.     Alarm.com is the assignee and sole owner of all right, title, and interest in the '804 patent.

49.     Regarding infringement under 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least claim 1 of the '804 patent in this District and elsewhere, by making,

using, offering for sale, and/or selling at least the Accused Products within the United States. Further, end users of the Accused Products within the United States infringe at least claim 1 of the '804 patent in this District and elsewhere through their use of such Accused Products in accordance with the Defendant's design.

50.     Regarding infringement under 35 U.S.C. § 271(b), Defendant has caused, urged, encouraged and/or aided and continue to cause, urge, encourage, and/or aid third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '804 patent.  These actions include, but are not limited to: advertising the Accused Products and their infringing use; establishing distribution channels for these Accused Products in the United States; drafting, distributing or making available datasheets, instructions, or manuals for the Accused Products to Defendant's customers and prospective customers; and/or providing technical support or other services for the Accused Products to Defendant's customers and prospective customers.  Defendant has taken these actions with full knowledge of the '804 patent, at least as of the date of the filing of the Original Complaint, and acted with the specific intent to induce one or more of these third parties to infringe the '804 patent.  These third-parties in fact have directly infringed the '804 patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

51.     Regarding infringement under U.S.C. § 271(c), Defendant has contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators).  These third parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related

components and use the Accused Products and related components to practice the claimed inventions of the '804 patent. Thus, the Accused Products and their related components constitute material parts of the '804 patent. Moreover, the third parties' actions constitute direct infringement of the '804 patent.

52.     Defendant knows, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted for use in infringing the '804 patent. Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '804 patent. For example, and without limitation, the Accused Products are used only in conjunction with or as part of the claimed apparatuses and methods.

53.     Unless enjoined by this Court, Defendant will continue to infringe the '804 patent, and Alarm.com and ICN will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Alarm.com and ICN are entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

54.     Alarm.com and ICN have and will continue to suffer damages as a result of Defendant's infringement of the '804 patent, and are entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION: INFRINGEMENT OF THE '276 PATENT**

55.     Alarm.com and ICN reallege and incorporate by reference the allegations of all the preceding paragraphs of the Supplemental Complaint as though fully set forth herein.

56.     Alarm.com's wholly owned subsidiary ICN is the assignee and sole owner of all right, title, and interest in the '276 patent.  Alarm.com is the implied exclusive licensee of the '276 patent.

57.     Regarding infringement under 35 U.S.C. § 271(a), Defendant has infringed since the issuance of the Certificate of Correction and continues to infringe at least claim 1 of the '276 patent in this District and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States.  Further, end users of the Accused Products within the United States have, since issuance of the Certificate of Correction, infringed at least claim 1 of the '276 patent in this District and elsewhere through their making and/or using of such Accused Products.

58.     Regarding infringement under 35 U.S.C. § 271(b), Defendant has caused, urged, encouraged and/or aided and continue to cause, urge, encourage, and/or aid third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '276 patent since the issuance of the Certificate of Correction.  These actions include, but are not limited to: advertising the Accused Products and their infringing use; establishing distribution channels for these Accused Products in the United States; drafting, distributing or making available datasheets, instructions, or manuals for the Accused Products to Defendant's customers and prospective customers; and/or providing technical support or other services for the Accused Products to Defendant's customers and prospective customers.  Defendant has taken these actions with full knowledge of the '276 patent, and acted with the specific intent to induce one or more of these third parties to infringe the '276 patent.  These third-parties in fact have, since the issuance of the Certificate of

Correction, directly infringed the '276 patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

59.     Regarding infringement under U.S.C. § 271(c), Defendant has contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (*e.g.*, end users, retailers, service providers, consumer electronics OEMs, and system integrators) since the issuance of the Certificate of Correction.  These third parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related components and use the Accused Products and related components to practice the claimed inventions of the '276 patent.  Thus, the Accused Products and their related components constitute material parts of the '276 patent.  Moreover, the third parties' actions constitute direct infringement of the '276 patent.

60.     Defendant knows, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted for use in infringing the '276 patent.  Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '276 patent.  For example, and without limitation, the Accused Products are used only in conjunction with or as part of the claimed apparatuses and methods.

61.     Unless enjoined by this Court, Defendant will continue to infringe the '276 patent, and Alarm.com and ICN will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Alarm.com and ICN are entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

62.     Alarm.com and ICN have and will continue to suffer damages as a result of Defendant's infringement of the '276 patent since issuance of the Certificate of Correction, and are entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Alarm.com and ICN pray that this Court:

a.     Declare that Defendant has infringed one or more claims of each of the Patents-in-Suit;

b.     Permanently enjoin Defendant and its officers, agents, representatives, distributors, wholesalers, retailers, licensees, servants, employees, attorneys, successors, assigns, parent or subsidiary corporations, and affiliates, and all persons acting in active concert or participation with Defendant, from infringing, inducing others to infringe, or contributing to the infringement of the Patents-in-Suit;

c.     Award Alarm.com and ICN damages in an amount adequate to compensate Alarm.com and ICN for Defendant's acts of infringement, including without limitation on the basis of a reasonable royalty and for lost profits, together with interest thereon, in an amount to be proven at trial, in accordance with 35 U.S.C. §§ 154(d) and 284;

d.     Find that this case is exceptional and award Alarm.com and ICN in an amount up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

e.     Find that this case is exceptional and award Alarm.com and ICN their respective costs and expenses for Defendant's infringement, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes;

f.      Award Alarm.com and ICN pre-judgment and post-judgment interest at

the highest rates allowed by law; and

g.      Award Alarm.com and ICN any other relief, in law and in equity, to which

the Court finds Alarm.com and ICN are justly entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Alarm.com and ICN

demand a trial by jury of this action.


Dated:  March 28, 2019

*/s/ Ryan R. Smith*
Ryan R. Smith (CA State Bar No. 229323)
rsmith@wsgr.com
Mary Procaccio-Flowers (CA State Bar No. 286936)
mprocaccioflowers@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Fax: (650) 493-6811

Jose C. Villarreal (TX Bar No. 24003113)
jvillarreal@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
900 South Capital of Texas Hwy
Las Cimas IV, Fifth Floor
Austin, TX 78746-5546
Telephone: (512) 338-5400
Fax: (512) 338-5499

*Attorneys for Plaintiffs Alarm.com Incorporated and ICN Acquisition, LLC*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing has been served on March 28, 2019, via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

*/s/ Ryan R. Smith*